■ SOCIETY OF NEW YORK HOSPITAL, as Operator of the New York Hospital—Cornell Medical Center, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—Order, Supreme Court, Westchester County (Peter P. Rosato, J.), entered April 15, 1988, which dismissed petitioner's CPLR article 78 proceeding seeking to annul a determination by respondent, David Axelrod, setting petitioner's Medicaid reimbursement rates for psychiatric day/night (PDN) services for rate years 1981 through 1985, is unanimously modified, on the law and the facts, to vacate the dismissal of petitioner's article 78 proceeding, to reinstate the petition and to remand the matter to the respondents for a determination on the reasonableness of the use of 1972 cost data in determining the reimbursement rates for the applicable years, without costs.

In a previous article 78 proceeding brought in Albany County, petitioner challenged a freeze imposed on PDN rates. Special Term in Albany annulled the rates as being irrational and remanded the case, directing respondent Commissioner to recompute the PDN rates pursuant to Public Health Law § 2807 (2) (b).

Respondent recalculated petitioner's 1981 through 1983 PDN rates and calculated rates for 1984 and 1985. New maximum allowable payments for petitioner's PDN services were established. Notably, the operating component of the 1979 rate, which became the basis for all succeeding rate years, was based on the costs incurred by petitioner in 1972.

Petitioner administratively appealed these new rates, contending that it should be entitled to its "pure cost" rate. The

rate review officer determined that the issues raised were limited to the PDN reimbursement methodology and thus, since no factual issues were raised, a hearing was not required. The instant litigation ensued. Petitioner raises the same issues raised before the trial court.

Petitioner contends that respondent was required to formulate a rule or regulation before setting the new PDN rates. However, a regulation is required only where the agency's decision-making discretion is subject to a fixed, uniform principle. *(See, e.g., Matter of Sunrise Manor Nursing Home v Axelrod,* 135 AD2d 293, 296-297.) Here, respondent specifically recalculated petitioner's PDN rates to conform to the criteria of Public Health Law § 2807 (2) (b), in accordance with a prior judicial decree. Public Health Law § 2807 (2) (b) did not require respondent to exercise his rule-making powers for waiving the outpatient cap and establishing a new maximum allowable payment for a specified service. The sole requirement was that the maximum allowable payment be "in accordance with the foregoing [statutory] criteria and such other criteria as he deems appropriate". (Public Health Law § 2807 [2] [b].) Hence, as a respondent did not set PDN rates pursuant to a fixed, uniform schedule nor did he set rates applicable to all PDN services, respondent was not required to promulgate a rule or regulation before he set PDN rates for petitioner.

Petitioner also urges that the method for setting the PDN rates was arbitrary and capricious since the 1979 rate was based on 1972 cost data. While petitioner has not identified the costs or services which might have justified a different rate-setting method *(see, Matter of Bassett Hosp. v Axelrod,* 127 AD2d 260, 263), there was a sufficient passage of time to raise an issue as to the reasonableness of using 1972 cost data. We deem it appropriate to remand to the Commissioner on this issue. Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.